THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIPS CORPORATION

    Plaintiff

V.                                                    Civil Action: _____

THE CHARTER OAK FIRE INS. CO. et al.

    Defendants

\*\*\*

NOTICE OF REMOVAL

TO:    The Judges and Clerk of the
       United States District Court for the District of Maryland

The Defendants, The Charter Oak Fire Insurance Company ("Charter Oak") and Travelers Property Casualty Company of America ("Travelers"), by their attorney, remove pursuant to 28 U.S.C. §§ 1441 and 1446 the above-captioned action from the Circuit Court of Baltimore County in the State of Maryland to this Court for the following reasons:

1. On October 1, 2019, the Plaintiff filed a complaint in the Circuit Court of Baltimore County against Charter Oak and Travelers. The case is entitled *Phillips Corporation v. The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America* (Case C 03-CV-19-003640)(the "State Action"). A copy of the complaint is attached. Exhibits 1 to 7 of the complaint in the State Action are also attached.

2. Removal of the state court action to this Court is proper under 28 U.S.C. § 1441(a) and (b) and § 1446.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and (c).

4. There is complete diversity of citizenship between the Plaintiff and the Defendants:

    a. The Plaintiff is a Maryland corporation with its principal place of business in the State of Maryland. *See* Compl. ¶ 2;

    b. Defendant Charter Oak is a Connecticut corporation with its principal place of business in the State of Connecticut. *See* Compl. ¶ 3; and

    c. Defendant Travelers is a Connecticut corporation with its principal place of business in the State of Connecticut. *See* Compl. ¶ 3.

5. The Plaintiff's Complaint in the State Action does not specify the amount the Plaintiff seeks as money damages as required by Maryland Rule 2-305. However, the amount in controversy is in excess of $75,000. The Plaintiff seeks both non-monetary and monetary relief. In Count I, the Plaintiff seeks a declaration that two insurance policies provide liability insurance coverage to the Plaintiff based on the allegations of the Underlying Action. Charter Oak's policy provides $1,000,000 of liability coverage per occurrence. *See* Compl., Ex. 2. Travelers' policy provides $15,000,000 of liability coverage per occurrence. *See* Compl., Ex. 3. In addition to seeking an adjudication that the Defendants owe the Plaintiff a duty to defend, the Plaintiff also seeks to establish a duty to indemnify under the two policies at issue. *See* Compl., ¶¶ 46-48. As such, the object of the litigation is at least $1,000,000 and perhaps as high as $16,000,000. *See Vaughn v. Certain Underwriters at Lloyd's, London*, No. CCB-18-3375, 2019 U.S. Dist. LEXIS 155723, at *7 (D. Md. Sept. 11, 2019)(stating that "the 'object of the litigation' is coverage under the insurance policy for $1,000,000, which exceeds $75,000"). In Count II of the Complaint, the Plaintiff seeks monetary damages based on the alleged breach of both the primary and excess policies. *See* Compl., ¶¶ 51-55. As the Travelers excess policy does not apply unless

the underlying insurance has been exhausted, the Plaintiff is seeking at least $1,000,000 in monetary damages. In both Counts, the Plaintiff also seeks damages for the cost (including attorney's fees) of the defense of the claim asserted against it and the cost (including attorney's fees) of litigating this coverage action. *See* Compl., Wherefore Clauses at pages 10-11.

6. This notice of removal has been timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed within 30-days after receipt of the summons and complaint by the removing Defendants. The Maryland Insurance Administration (MIA) received the summons for Travelers on October 10. The MIA received the summons for Charter Oak on October 11. Although service on a statutory resident agent, like the MIA, does not begin the 30-day period for removal, *see Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018)(holding that "service on a statutory agent is not service on the defendant within the meaning of § 1446(b)"), this notice of removal has been filed within 30-days of when the first summons was served on the MIA. Service for the purpose of removal was made on Charter Oak and Travelers on October 16, 2019, when their mutual resident agent, CSC, received the summonses and complaints from the MIA. Removal was effected within 30-days of October 16, 2019.

7. Charter Oak and Travelers mutually file this Notice of Removal and therefore consent to removal. *See* 28 U.S.C. § 1446(a). There are no other defendants to consent to the removal.

8. A notice pursuant to 28 U.S.C. § 1446(d) to the Adverse Party and to the Clerk of the Circuit Court for Baltimore County has been filed in the state court proceeding.

9. Copies of all process, pleadings, documents and orders served upon the removing Defendants have been attached. *See* Civil Information Sheet, summons for Charter Oak, summons for Travelers, Plaintiff's motion for summary judgment, Plaintiff's memorandum in support of motion for summary judgment, Exhibit 1 to the memorandum, Exhibit 2 to the

memorandum, Exhibit 3 to the memorandum, Exhibit 4 to the memorandum, Exhibit 5 to the memorandum, Exhibit 6 to the memorandum and Exhibit 7 to the memorandum.

Wherefore, Defendants Charter Oak and Travelers request that this action be removed from the Circuit Court for Baltimore County to this Court.

Respectfully submitted,

*/s/ Andrew Janquitto*

_____

Andrew Janquitto
Mudd, Harrison & Burch, LLC
401 Washington Avenue, Suite 900
Towson, Maryland 21204
Phone: 410-828-1335
Fax: 410-828-1042
aj@mhblaw.com

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I a copy of this Notice of Removal was efiled and therefore eserved on:

>Francis R. Laws, Esquire
>Henry A. Andrews, Esquire
>Thomas & Libowitz, P.A.
>100 Light Street, Suite 1100
>Baltimore, Maryland 21202

>*/s/ Andrew Janquitto*
>_____
>Andrew Janquitto