| | |
|---|---|
| **Phillips Corporation,** <br> 7390 Coca Cola Drive <br> Hanover, Maryland 21076 | * IN THE <br> * CIRCUIT COURT |
| Plaintiff, | * FOR |
| v. | * BALTIMORE COUNTY |
| **The Charter Oak Fire Insurance Company d/b/a Travelers,** <br> One Tower Square <br> Hartford, Connecticut 06183 | * <br> * Case No. _____ <br> * |
| Serve on: <br> Alfred W. Redmer, Jr., Insurance Commissioner <br> Maryland Insurance Administration <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, Maryland 21202 | * <br> * <br> * |
| **Travelers Property Casualty Company of America d/b/a Travelers,** <br> One Tower Square <br> Hartford, Connecticut 06183 | * <br> * <br> * |
| Serve on: <br> Alfred W. Redmer, Jr., Insurance Commissioner <br> Maryland Insurance Administration <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, Maryland 21202 | * <br> * <br> * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Phillips Corporation ("Phillips"), sues Defendants, The Charter Oak Fire Insurance Company d/b/a Travelers and Travelers Property Casualty Company of America d/b/a Travelers (together, "Travelers"), and states:

1

## Nature of the Action

1. This is a complaint for declaratory relief in connection with insurance policies under which Phillips is insured by Travelers.

## The Parties

2. Phillips is a Maryland corporation with a principal place of business at 7390 Coca Cola Drive, Hanover, Maryland 21076. As explained more fully below, it is an insured on the insurance policies at issue in this coverage action.

3. Upon information and belief, Travelers is a Connecticut corporation with a principal place of business at One Tower Square, Hartford, Connecticut 06183. It is an insurer that issued the insurance policies at issue in this coverage action. Upon information and belief, Travelers regularly conducts business throughout the State of Maryland, including in Howard County.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this case pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1–501 because the amount in controversy exceeds the jurisdictional requirements of the Circuit Court, and pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-403 because this complaint seeks declaratory relief.

5. This Court has personal jurisdiction over Defendants pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6–102 and 6–103.

6. Venue is proper under Md. Code Ann., Cts. & Jud. Proc. § 6–201.

## Factual Background

A. The Policies

7. During the course of its business, Phillips procured Commercial Insurance Policy number Y-630-3A283438-COF-15 (the "CGL Policy") from Travelers. The CGL Policy provides

commercial general liability insurance on an "occurrence" basis during the period from August 1, 2015 to August 1, 2016. A true and accurate copy of the CGL Policy is attached as **Exhibit 1**.

8.  The CGL Policy dictates that Travelers "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and that Travelers "will have the right and duty to defend the insured against any 'suit' seeking those damages." (Ex. 1, CGL Policy, CG 00 01 10 01, p. 1 of 16, Section I.1(a).)

9.  The CGL Policy defines suit to mean "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." (Ex. 1, CGL Policy, CG 00 01 10 01, p. 15 of 16, Section V.18.)

10. The CGL Policy provides that it "applies to 'bodily injury' and 'property damage' only if" such bodily injury or property damage "is caused by an 'occurrence' that takes place in the 'coverage territory'" and "occurs during the policy period[.]" (Ex. 1, CGL Policy, CG 00 01 10 01, p. 1 of 16, Section I.1(b)(1)-(2).)

11. The CGL Policy defines "property damage" to include "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured." (Ex. 1, CGL Policy, CG 00 01 10 01, p. 15 of 16, Section V.17.)

12. The CGL Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Ex. 1, CGL Policy, CG 00 01 10 01, p. 14 of 16, Section V.13.)

13. "The word 'insured' [under the CGL Policy] means any person or organization qualifying as such under Section II – Who Is An Insured." (Ex. 1, CGL Policy, CG 00 01 10 0, p. 1 of 16.)

14. The CGL Policy's "Section II – Who Is An Insured" includes, as an insured, "[Phillips'] 'employees' … for acts within the scope of their employment by [Phillips] or while performing duties related to the conduct of [Phillips'] business." (Ex. 1, CGL Policy, CG 00 01 10 01, p. 8 of 16, Section II.2(a).)

15. The CGL Policy includes the followings coverage "Exclusions" to which the CGL Policy does not apply:

> **a. Expected Or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> **k. Damage To Your Product**
> "Property damage" to "your product" arising out of it or any part of it.
>
> **l. Damage To Your Work**
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

(Ex. 1, CGL Policy, Commercial General Liability Coverage Form CG 00 01 10 01, pp. 2 and 5 or 16, Section I.2(a), (k), (l).)

16. Under the CGL Policy, "Your product":

> **a.** Means:
> **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
> **(a)** You;
> **(b)** Others trading under your name; or
> **(c)** A person or organization whose business or assets you have acquired; and
> \*\*\*
> **b.** Includes
> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
> \*\*\*

(Ex. 1, CGL Policy, CG 00 01 10 01, p. 15 of 16, Section V.21.)

17. Under the CGL Policy, "Your work":

4

    **a.**    Means:
          **(1)**    Work or operations performed by you or on your behalf; and
          **(2)**    Materials, parts or equipment furnished in connection with such work or operations.
    **b.**    Includes
          **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
          **(2)**    The providing of or failure to provide warnings or instructions.

(Ex. 1, CGL Policy, CG 00 01 10 01, pp. 14-15 of 16, Section V.22.)

18. In addition to the CGL Policy, Phillips also procured Commercial Excess Liability (Umbrella) Insurance Policy number YSM-CUP-1C503029-TIL-15 (the "Excess Policy") from Travelers. A true and accurate copy of the Excess Policy is attached as **Exhibit 2**.

19. The Excess Policy dictates that Travelers "will pay on behalf of the insured the 'ultimate net loss' in excess of the 'applicable underlying limit' which the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage', 'personal injury' or 'advertising injury' to which this insurance applies. (Ex. 2, Commercial Excess Liability (Umbrella) Insurance Form UM 00 01 11 03, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability; and Coverage B Personal Injury and Advertising Injury Liability, ¶ 1(a).)

20. The Excess Policy generally covers the same "property damage" and "bodily injury" caused by an "occurrence," that is covered by the CGL Policy.

**B. The Underlying Suit**

21. On February 28, 2018, Tinmar, Inc. ("Tinmar") filed suit against Phillips, Geoff Neely ("Neely") (an employee of Phillips), and CNC Systems, Inc. ("CNC") in the Circuit Court of Madison County, Alabama.

22. The defendants removed the case to the United States District Court for the Northern District of Alabama, Northeastern Division, where it is now pending. (Case No.:18-cv-

00505-HH). A true and correct copy of the Complaint, and the exhibits thereto, is attached as **Exhibit 3**.

23.   The Lawsuit generally arises from Tinmar's purchase of a G2020 ITNC 530 5 Axis Machine (the "Machine"), and its associated programing, in December 2015.

24.   The Complaint includes the following allegations relevant to this action for declaratory judgment:

   a. Tinmar obtained a contract with The Boeing Company ("Boeing") that required Tinmar to manufacture specific parts for Boeing.

   b. To manufacture those parts, Tinmar needed a 5-axis machine.

   c. Neely knew of Tinmar's contract with Boeing, and Tinmar's need for a 5-axis machine.

   d. Neely, while working for Phillips, represented to Tinmar that CNC's Machine, along with the associated programing, would allow Tinmar to produce the specific parts required by Boeing.

   e. CNC and Tinmar entered into a contract for the sale of: (1) the Machine; and (2) the associated programming, which CNC would provide through a company called CamCad Technologies.

   f. The Machine, and the associated programing, failed to perform as promised.

25.   Tinmar's complaint specifically alleges "fraud" against Neely and Phillips (Count V), and respondeat superior against Phillips, based on Neely's fraud (Count IV).

26.   Tinmar's claims against Phillips are based, at least in part, on Phillips' and Neely's alleged unintentional or negligent misrepresentations regarding the performance and capabilities of the Machine and the associated programing.

27. Specifically, Paragraph 57 of Tinmar's Complaint plainly states: "These misrepresentations of fact were made by Defendants CNC, Phillips, and Neely *either* willfully to deceive, or recklessly without knowledge, *or by mistake*." (Ex. 3, ¶ 57 (emphasis added).)

28. None of Tinmar's allegation suggest that, the Machine, or the associated programming, were Phillips's product or work.

29. Neither the Machine, nor the associated programming, were manufactured, sold, handled, distributed or disposed of by Phillips or Neely, and they do not fall within the definition of "your product."

30. Neither the Machine, nor the associated programming, were work or operations performed by Phillips or Nelly or on Phillips or Neely's behalf, and they do not fall within the definition of "your work."

31. Tinmar's Complaint, and the exhibits attached thereto and incorporated therein, also alleged that, as a result of Phillips and Neely's misrepresentations, Tinmar lost the use of the Machine, lost contracts with Boeing, and lost the value and materials of bad parts produced on the Machine, all of which constitutes property damage.

**C. Travelers' Refusal to Defend and Indemnify Phillips**

32. Contrary to the plain language of the CGL Policy, Travelers has declined to defend or indemnify Phillips under the CGL Policy in connection with the Lawsuit.

33. In response to Phillips' timely notice of the suit, Travelers provided its first denial letter on May 17, 2018 ("First Denial"). A true and correct copy of Travelers' is attached as **Exhibit 4**.

...

34. Travelers' First Denial asserts that Travelers has no duty to defend and/or indemnify under the CGL and Excess Policies because, in Travelers' opinion, Tinmar's complaint does not allege a covered occurrence resulting in property damage.

35. The First Denial claims that Tinmar's complaint against Phillips and Neely only includes allegations of: (1) intentional fraud, which does not constitute an occurrence; and (2) economic injury, which does not constitute personal injury or property damage.

36. Phillips responded to the First Denial on May 21, 2018. A true and correct copy of Phillip's May 21 response is attached as **Exhibit 5**.

37. Phillips' May 21 response clarifies that the CGL and Excess Policies do provide coverage because: (1) Tinmar's fraud allegations includes both intentional and unintentional or negligent misrepresentation claims against Phillips and Neely; and (2) the damages resulting from these unintentional and negligent misrepresentations were not damages that Phillips and Neely could have intended or expected.

38. In response, Travelers provided its first amended denial letter on June 19, 2018 ("Amended Denial"). A true and correct copy of Travelers' Amended Denial is attached as **Exhibit 6**.

39. The Amended Denial does not advance any new or additional reasons in support of Travelers' positions.

40. After a meeting between representatives of Phillips and Travelers, Travelers provided a second amended denial letter on September 17, 2019 ("Second Amended Denial"). A true and correct copy of Travelers' Second Amended Denial is attached as **Exhibit 7**.

41. The Second Amended Denial reiterates the original coverage positions Travelers set forth in its Frist Denial and Amended Denial, and further claims that the "Your product" and "Your work" exclusions apply to exclude coverage under the CGL and Excess Policies.

42. Contrary to Traveler's three denial letters, the complaint alleges property damages caused by an occurrence for which there is coverage under the CGL and Excess Policies, or, at the very least, for which this is potential coverage.

43. As a direct and proximate result of Travelers' wrongful refusal to defend and indemnify Phillips, Phillips has incurred, and will continue to incur, significant out-of-pocket costs, including, without limitation, attorneys' fees and costs to defend itself and Neely against Tinmar's claims; and attorneys' fees and costs to litigate this coverage action.

## COUNT I
## DECLARATORY JUDGMENT
### (Against All Defendants)

44. Phillips repeats and realleges the allegations contained in paragraphs 1 through 43 above and incorporates those allegations by reference as if set forth fully herein.

45. Phillips has given Travelers proper and timely notice of Tinmar's claims under both the CGL Policy and the Excess Policy.

46. Phillips maintains that the plain terms of the CGL Policy and the Excess Policy afford it coverage under both policies for the allegations against Phillips and Neely in Tinmar's Complaint.

47. Travelers has denied coverage for Tinmar's claims under the CGL Policy and Excess Policy, and has refused to defend or indemnify Phillips and/or Neely against Tinmar's claims as a result.

48. Accordingly, there exists an actual, substantial case or controversy between Phillips and Travelers regarding the construction of, and the rights and liabilities of the parties under, the CGL Policy and Excess Policy.

49. Pursuant to Maryland Code, Courts and Judicial Proceedings Section 3–401 *et seq.*, this case or controversy may be determined by a judgment of this Court.

WHEREFORE, Phillips respectfully requests that this Court:

A. Determine and adjudicate the rights and liabilities of the parties under the CGL Policy and Excess Policy;

B. Find and declare that Phillips and Neely, as an employee of Phillips, are entitled to defense and indemnity coverage under both policies in connection with the lawsuit brought by Tinmar;

C. Award Phillips all damages arising from Travelers' wrongful refusal to acknowledge its coverage obligations to Phillips and Neely under the CGL Policy and Excess Policy, in amounts to be proven at trial, including without limitation: (1) fees and costs incurred to defend against Tinmar's lawsuit; (2) fees and costs incurred to litigate this coverage action; and (3) pre- and post-judgment interest on recoverable amounts; and

D. Grant such other and further relief as this Court deems just, equitable, and proper.

### Count II:
### Breach of Contract
### (Against All Defendants)

50. Whiting–Turner reasserts and realleges the allegations contained in paragraphs 1 through 49 above and incorporates those allegations by reference as if set forth fully herein.

51. The CGL Policy and Excess Policies are valid and enforceable contracts between Phillips and Travelers.

52. Phillips has performed all obligations required of it under the CGL Policy and Excess Policy, including giving Travelers timely notice of Tinmar's complaint.

53. The CGL Policy and Excess Policy affords Phillips coverage for Tinmar's claims, allegations, and demands.

54. Travelers has denied coverage under the CGL Policy and Excess policy for Tinmar's claims, allegations, and demands, and has refused to defend or indemnify Phillips and/or Neely in connection Tinmar's complaint.

55. Travelers' denial of its contractual obligations to Phillips and/or Neely has no basis in law or fact, and constitutes a breach of the CGL Policy and Excess Policy.

WHEREFORE, Whiting–Turner respectfully requests that this Court:

A. Award Phillips all damages arising from Travelers' wrongful refusal to acknowledge its coverage obligations to Phillips and Neely under the CGL Policy and Excess Policy, in amounts to be proven at trial, including without limitation: (1) fees and costs incurred to defend against Tinmar's lawsuit; (2) fees and costs incurred to litigate this coverage action; and (3) pre- and post-judgment interest on recoverable amounts; and

B. Award any and all other further relief as justice and its cause require.

Respectfully submitted,

/s/ *Francis R. Laws*
Francis R. Laws (CPF No. 8205010182)
FLaws@tandllaw.com
Henry A. Andrews (CPF No. 1512150016)
HAndrews@tandllaw.com
Thomas & Libowitz, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202
Tel: (410) 752.2468
Fax: (410) 752.0979

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 2-325, Plaintiff Phillips Corporation requests a trial by jury.

/s/ *Francis R. Laws*
Francis R. Laws

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this submission does not contain any restricted information or, if it does, I have stated the reason and legal basis for including it and I have redacted and unredacted copies marked appropriately as required by Rule 20-201(h)(2).

/s/ *Francis R. Laws*
Francis R. Laws